# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO, CALIFORNIA

| | | |
|---|---|---|
| DEMETRIO A. QUINTERO, | ) | 1: 12-cv-00676-AWI-BAM |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS DISMISSING CLAIMS AND RECOMMENDING CASE PROCEED ON ONE CLAIM** |
| v. | ) | |
| CLOVIS UNIFIED SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## I.   INTRODUCTION

On April 30, 2012, plaintiff Demetrio Quintero ("Plaintiff") filed a complaint in this Court against the Clovis Unified School District ("CUSD" or "Defendant"). Plaintiff alleges he was discriminated against on the basis of race when Defendant refused to award him a sports officiating contract in violation of Title VI of the 1964 Civil Rights Act, specifically, 42 U.S.C. § 2000d. (Doc. 1.) Plaintiff additionally asserts Defendant's discriminatory practices violate Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 20003, *et seq*.

## II.   DISCUSSION

**A.   Screening Standard**

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 1949.

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

**B.     Jurisdiction**

Plaintiff contends jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. (Pl.'s Compl., ¶ 2, Doc. 1.)  Jurisdiction is proper pursuant to Sections 1331 and 1343 because Plaintiff has asserted claims arising under the Constitution and laws of the United States.

C. **Plaintiff's Claim Under Title VI, Section 2000d of Title 28 of the United States Code**

Under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

Accordingly, "[t]he two elements for establishing a cause of action pursuant to Title VI are (1) that the entity involved is engaging in racial or national origin discrimination and (2) the entity involved is receiving federal financial assistance." *Jackson v. Conway*, 746 F.Supp. 896, 903 (E.D. Missouri 1979). Notably, Congress has abrogated States' sovereign immunity for "violations [of Title VI] that occur in whole or in part after October 12, 1986." 42 U.S.C. § 2000d7(b) (Supp. 1987).

Plaintiff alleges Defendant is a recipient of federal funds. (Pl.'s Compl., ¶¶ 11, 12, Doc. 1.) ("CUSD is a recipient of federal funds for its athletic programs for which it uses sports officiating service contracts . . . [Defendant] received the aforesaid federal funds from the United States Secretary of Education, or through some other federal funding department . . . .") Plaintiff additionally alleges Defendant engaged in racial discrimination in refusing to grant Plaintiff the subject sports officiating contract. (Pl.'s Compl., ¶¶ 13-14, Doc. 1) ("Defendant CUSD failed to provide Plaintiff an equal opportunity to obtain 'all sports' officiating services contract work from Defendant CUSD because of his race, Native-American-Hispanic.") Plaintiff makes multiple allegations which, taken as true, arguably support a claim for racial discrimination. (Pl.'s Compl., ¶¶ 8(a)-(j), 14, 16-21, Doc. 1.)

Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim against Defendant for a violation of Title VI of the 1964 Civil Rights Act. *See Quintero v. Mariposa County School Dist.,* No. 11-cv-00839-GSA (E.D. Cal., Dec. 09, 2011) (Doc. 11) (In a virtually identical complaint asserted by Plaintiff against the Fresno Unified School District, Judge Austin found these same allegations to sufficiently state a claim.)

D. **Plaintiff's Claim Under Title VII, Section 2000e of Title 28 of the United States Code**

Plaintiff has styled a claim for "Systemic Disparate Treatment Discrimination and Unlawful Employment Practices" under 42 U.S.C. § 2000e-2. This Section protects against "Unlawful Employment Practices" by an "employer." 42 U.S.C. § 2000e(a). Title VII protects only employment relationships: "The operative term for purposes here is 'employment.' That is, the clause presumes the existence of an employer-employee relationship ... in contrast to, for example, an independent contracting relationship." *Bender v. Suburban Hosp., Inc.,* 159 F3d 186, 189 (4th Cir. 1998) There must be some interference with an employment relationship, as opposed to an independent contractual relationship, for Title VII protections to apply. *Mitchell v. Frank R. Howard Mem. Hosp.*, 853 F2d 762, 767 (9th Cir. 1988).

Plaintiff can not state a claim under Title VII, Section 2000e-2(a). Plaintiff does not allege an "employer-employee relationship" with CUSD. On the contrary, Plaintiff's allegations portray Plaintiff as an independent contractor attempting to secure a "all sports officiating services contract" from CUSD. (Pl.'s Compl., ¶ 8, Doc. 1.) As Plaintiff was not employed by CUSD, Section 2000e-2(a) does not apply. *See, Quintero v. Mariposa County School Dist.,* No. 11-cv-00839-GSA (E.D. Cal., Dec. 09, 2011) (Doc. 5) (In a virtually identical complaint asserted by Plaintiff against the Mariposa County School District, Judge Austin found that Plaintiff failed to state a claim under Section 2000e-2(a) because "it d[id] not appear from his complaint that Plaintiff was employed by MCSD . . .")

**RECOMMENDATIONS**

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's cause of action against Defendant CUSD under Title VII of the Civil Rights Act of 1964, Section 2000e-2, be DISMISSED WITHOUT LEAVE TO AMEND;

The Court FURTHER RECOMMENDS that Plaintiff's remaining claim against CUSD arising under section 2000d of Title 28 of the United States Code may proceed as the claim is pled sufficiently for purposes of pro se screening.

1  These findings and recommendations are submitted to Chief United States District Judge
2 Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section
3 636(b)(l).  Plaintiff may file written objections with the Court no later than thirty (30) days from
4 the date of these findings.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
7 1153 (9th Cir. 1991).  In the event Plaintiff does not object, his case will proceed on the Section
8 2000d claim only.

9  IT IS SO ORDERED.

10 Dated:   **June 5, 2012**          /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE