IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO A. QUINTERO,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT, et al. and DOES 1 to 8,<br><br>                    Defendants. | 1:12-cv-0676 AWI BAM<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>**Doc. # 11** |

This is an action for damages by plaintiff Demetrio A. Quintero ("Plaintiff") against defendants Clovis Unified School District, et al. ("Defendants"). The action arises out of Plaintiff's experience in marketing his service of sports officiating to Defendants for the 2010-2011 school year. Plaintiff's complaint essentially alleges that the difficulties he has experienced in obtaining a sports officiating contract is the result of racial bias in violation of Title VI, Section 2000d of Title 42 of the United States Code. Currently before the court is Defendants' motion to dismiss Plaintiff's complaint. For the reasons that follow, Defendant's motion to dismiss will be granted. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACUTAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's complaint was filed on April 30, 2012. Plaintiff filed a request to proceed *in forma pauperis* on May 2, 2012. The request to proceed *in forma pauperis* was granted on May

8, 2012. Plaintiff's complaint was subject to screening and on June 6, 2012, the Magistrate Judge issued findings and recommendations recommending the dismissal of Plaintiff's claim pursuant to Title VII, Section 2000e-2 with prejudice. The Magistrate Judge's findings and recommendations were adopted by the court on October 5, 2012, and were later clarified by an order filed on October 17, 2012. On January 30, 2013, the Magistrate Judge issued an order recognizing that Plaintiff had submitted "information for service of process on form USM-285, sufficient copies of the complaint for service, and a notice of compliance." Doc # 10 at 1:18-19. The Magistrate Judge's order directed the Clerk of the Court to deliver documents for service of summons and complaint and all additional required documents to the Marshal's Service and ordered the Marshal's Service to carry out service of the summons and complaint of Defendant. Defendant's instant motion to dismiss was filed on February 28, 2013.

The following facts are derived from Plaintiff's complaint and are presumed true for purposes of this analysis. Plaintiff describes himself as a "Hispanic-Native American male." In May of 2008 Plaintiff applied for and received accreditation as a sports officials association from the California Interscholastic Federation ("CIF"). The sports officials association Plaintiff formed and obtained accreditation for currently does business as "DANSports." DANSports currently does business in Merced and Mariposa Counties. From October 2008 through January 2010 Plaintiff worked for California Sports Officials Association ("CSOA"). Plaintiff describes CSOA as "a Caucasian contractor." In May of 2010, Plaintiff submitted a bid for a sports officiating contract in response to a request for proposals ("RFP") by Defendant. Plaintiff alleges that Defendant received four bids in response to Defendants RFP; two bids were submitted by "Caucasian" bidders, one by Plaintiff and one by an African-American contractor.

Plaintiff alleges that only the two "Caucasian" sports officiating contractors, CSOA and San Joaquin Valley Officials Association, were afforded interviews for the all sports officiating contract. Ultimately, the all sports officiating contract was split between the two Caucasian associations for the contract period 2010-2011. Plaintiff alleges Defendant's selection of the

Caucasian sports officiating services was the result of impermissible bias based on Plaintiff's racial/cultural characteristics.

Defendant's motion to dismiss was filed on February 28, 2013.  No opposition by Plaintiff was filed.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## ANALYSIS

Defendant asserts two grounds for dismissal of Plaintiff's complaint. First, Defendant contends the summons and complaint was not served within the 120-day period provided by Rule 4(m) of the Federal Rules of Civil Procedure. Defendant contends that, since Plaintiff filed the complaint on April 30, 2012, service of the summons and complaint under Rule 4(m) was untimely as of August 28, 2012. As the court noted above, Plaintiff applied for *in forma pauperis* status pursuant to 28 U.S.C. § 1915 and the complaint was screened pursuant to 28 U.S.C. § 1915A. Due to the press of business before the court at the time, the Magistrate Judge's findings and recommendations were not adopted until October 5, 2012. Based on the Magistrate Judge's order of January 30, 2013, the court concludes that Plaintiff completed the requirements of service of process within the 120-day limit imposed by Rule 4(m).

Second, Defendant seeks dismissal of Plaintiff's complaint in the ground Plaintiff's complaint fails to allege facts to support a finding that impermissible racial bias was the reason behind Plaintiff's unsuccessful bid for a sports officiating contract for the 2010-2011 school year. Title VI prohibits discrimination based upon race, color or national origin in any program or activity receiving federal financial assistance. 42 U.S.C. § 2000d. The definition of discrimination and burdens of proof are the same for Title VI and Title VII, which prohibits discrimination with respect to terms and conditions of employment on the basis of race, color or national origin. 42 U.S.C. § 2003-2(a)(1). Because the two statutes prohibit the same behavior – discrimination based on race or national origin – the standards that apply to define racial discrimination apply equally to both.

Plaintiff's Title VI claim alleges that the awarding to the 2010 and 2011 all sports officiating contract to the "non Native-American-Hispanic citizens" constituted "an act of unlawful race discrimination." Doc. # 1 at 5:4-6. Plaintiff goes on to explain that members of

the CUSD's administration that served on the selection committee "had a conflict of interest in that they were close friends of competing sports officiating contractor organizations having an interest in the same contract awards, yet continued to vote or make recommendations instead of recusing themselves . . . ." Doc. # 1 at 5:16-19.  Plaintiff's own pleading defeats his claim that he suffered discrimination because of racial bias.  Plaintiff's allegations, taken as true, establish that Plaintiff was not recommended or selected to provide sports officiating services because of the affiliation and familiarity bias of those doing the selecting.  It is important to understand that Title VI does not prohibit bias; it only prohibits bias based on race, color or national origin.  Plaintiff not only has failed to allege any evidence to indicate that his non-selection was the result of racial bias; he has quite convincingly alleged facts to show that the bias that resulted in his non-selection was definitely not racial in nature.

  Because Plaintiff's complaint fails to allege any facts to show that he was subjected to discrimination based on race, color or national origin, his claim pursuant to title VI fails to allege a claim for which relief can be granted.

  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  Two facts lead the court to the conclusion that Plaintiff's claim cannot be cured by amendment.  First, Plaintiff has filed similar claims in this case and in Quintero v. Fresno Unified School Dist., 12cv0675, and in neither case has he been able to allege anything more than the fact that he is of Hispanic-Native-American descent and did not get a contract for sports officiating.  Nothing to show racial discrimination has been alleged in either case.  Second, in this case, Plaintiff has alleged facts that strongly point to reasons other than racial bias (familiarity bias) for his lack of success.  Fundamentally, being of minority racial extraction and not being awarded a contract in a competitive bidding situation is not sufficient to state a claim under Title VI absent other facts that show the rejection was motivated by racial bias.  Plaintiff was on notice of the need for facts showing racial bias

when his complaint and amended complaint were dismissed in case number 12cv0675 and the court must assume that Plaintiff would have pled the required facts if he could.   That no such facts were alleged is strong evidence that no such facts exist.  The court therefore concludes that further amendment of the complaint is not appropriate.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that Defendant's motion to dismiss is hereby GRANTED.  Plaintiff's complaint is hereby DISMISSED in its entirety with prejudice.  The Clerk of the Court shall enter judgment in favor of Defendants.

IT IS SO ORDERED.

Dated:   June 20, 2013                                   _____
                                                          SENIOR  DISTRICT  JUDGE